## Case No. 13,280.

STAINTHORP et al. v. HUMISTON.

[2 Fish. Pat. Cas. 311.] [1]

Circuit Court, N. D. New York. Oct.. 1862.

PATENTS—INJUNCTION—ACCOUNT.

Although the defendant's machine may infringe, yet if it contain other valuable improvements not covered by plaintiffs' patent, an order for account and security may be substituted for an injunction.

[Cited in Hoe v. Boston Daily Advertiser Corp., 14 Fed. 916; Campbell Printing-Press & Manuf'g Co. v. Manhattan Ry. Co., 49 Fed. 933.]

[This was a bill in equity by John Stainthorp and Stephen Seguine against Willis Humiston.] Motion for a provisional injunction to restrain the defendant from infringing letters patent [No. 12,492] granted to John Stainthorp, March 6, 1855, for an "improvement in machines for making candles." The motion was based upon prior adjudications, two of which are reported. Stainthorp v. Elkinton [Case No. 13,278], and Stainthorp v. Humiston [Id. 13,279].

M. B. Andrus and George Gifford, for complainants.

M. P. Norton, for defendant.

HALL, District Judge. I still retain the opinion (expressed in Stainthorp v. Humiston [Case No. 13,279] decided in the Southern district of New York, March, 1859), that the Humiston machine is an infringement of the first claim in Stainthorp's patent, but, as the defendant's machines contain other valuable improvements which are not patented to Stainthorp, an injunction might operate to the prejudice of the actual rights of the defendant without being as useful to the complainants as an account of profits, and security for their payment to the complainants, under the final decree in this case.

There are now also presented by the defendant, several affidavits of mechanical experts tending to show that the Humiston machine is not an infringement of the complainants' rights; and, although these affidavits have not shaken my faith in the correctness of my former decision, they afford an additional reason for making an order for an account and security, rather than an order for an injunction.

If a proper bond shall be given, according to the order to be entered on this motion, the injunction will not issue. If such bond be not given within fifteen days after service of a copy of the order, an injunction will go.

[For other cases involving this patent see Cases Nos. 13,278, 13,281, and 13,872.]